UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH F. OLIVARES,

      Plaintiff,

v.                                        Case No. 15-11004

MICHIGAN WORKER'S                HON. AVERN COHN
COMPENSATION AGENCY, DIRECTOR
ELSENHEIMER, CAMPBELL, MARK LONG,
      Defendants.
_____/

**ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**DISMISSING COMPLAINT**

I.

Plaintiff Joseph F. Olivares[1] proceeding pro se, has filed a "complaint for

injunction" naming the "Michigan Worker's Compensation Agency, Director

Elsenheimer, Campbell, and Mark Long" as defendants.  As best as can be gleaned,

plaintiff is suing to enforce his rights under Michigan law, specifically M.C.L. § 418.315.[2]

---

[1]A review of the Court's electronic filing system reveals that plaintiff is a frequent pro se filer in this district.  The majority, if not all, of plaintiff's complaints have been summarily dismissed.  See Olivares v. Performance Contr., et al., 02-74585; Olivares v. Fifteenth District Court, et al., 05-71275; Olivares v. Sutton, et al., 07-15201; Olivares v. Coy, et al., 12-10787, Olivares v. Tallahassee Police Dept., 14-10097; Olivares v. Leon, County, et al., 14-10098.

[2]This section is part of Michigan's Workers' Disability Compensation Act "which essentially created a 'no-fault' system under which a worker no longer has to establish negligence on the part of the employer but the employer is liable for certain expenses related to an injury suffered on the job without regard to fault."  Brown v. Cassens Transp. Co., 743 F.Supp.2d 651, 661–62 (E.D.Mich.2010) ( Brown I ), rev'd, 675 F.3d 946 (6th Cir. 2012).  Under section 418.315, an injured employee is entitled to medical expenses.

For the reasons that follow, the complaint will be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

II.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in plaintiff's "Application to Proceed In Forma Pauperis," the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status.[3]

III.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional." Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United

_____

[3]When plaintiff filed the complaint, he did not pay the filing fee nor file an application to proceed in forma pauperis (IFP). As such, on March 18, 2015, the Court issued an order directing plaintiff to either pay the filing fee or submit an application to proceed IFP. (Doc. 2). Plaintiff subsequently submitted an IFP application. (Doc. 3).

States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may <u>sua sponte</u> dismiss an action when it lacks subject matter jurisdiction.").  A district court may also dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999) (citing <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974).

Finally, the Court must read <u>pro se</u> complaints indulgently, <u>see Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

IV.

The Court has read the complaint.  It is virtually unintelligible.  As noted above, plaintiff appears to assert his rights under state law.  The complaint makes mention that his employer was ordered to pay "benefits" in 2000 and again in 2005 stemming from a joint replacement plaintiff had in 1998 and that his employer has never complied with the order.  He alleges that defendants have violated his rights to due process and medical care and for "wage loss benefits because of said failure to order the Employers to provide, to resolve disability."  He cites 42 U.S.C. § 1983 as a basis for jurisdiction.

A.

First, to the extent plaintiff seeks to relitigate any events that occurred relating to a workers' compensation claim in state court, the complaint is barred by the Rooker-Feldman doctrine.  Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court.  <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 & n.16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S.

3

413, 415-16 (1923); see also Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486, 103 S. Ct. at 1317; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476, 103 S. Ct. at 1311.

### B.

As to a claim under § 1983, plaintiff appears to ask the Court to order a state agency and its employees to grant him relief under state law. Putting aside any issues of immunity, a claim under § 1983 is barred by the statute of limitations. Michigan's three year statute of limitations for personal injury claims, M.C.L. § 600.5805(10), governs section 1983 actions when the cause of action arises in Michigan. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986), cert. denied, 479 U.S. 923 (1986). As best as can be gleaned, plaintiff is complaining about conduct that occurred as early as 1998 and as late as 2005, all of which is more than three years ago.

### C.

Moreover, to the extent that plaintiff's federal claim is construed as a state law claim seeking rights under state law, particularly Michigan's workers' compensation statute, the Court lacks subject matter jurisdiction over such a claim.

V.

Accordingly, the complaint is DISMISSED.  The Court also certifies that any

appeal from this decision could not be taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

SO ORDERED.

 <u>S/Avern Cohn                                    </u>
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 2, 2015
        Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, April 2, 2015, by electronic and/or ordinary mail.

<u>S/Sakne Chami                          </u>
Case Manager, (313) 234-5160

5